NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-4733 & 13-4770
_____

UNITED STATES OF AMERICA

v.

ANDRE WARE,
              Appellant in 13-4733
JERRY STEVENS
              Appellant in 13-4770

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-08-cr-00625-001 & 2-08-cr-00625-002)

District Judge:  Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2014

Before:  MCKEE, *Chief Judge*, RENDELL, SLOVITER, *Circuit Judges*

(Opinion filed: December 16, 2014)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SLOVITER, *Circuit Judge*.

Andre Ware and Jerry Stevens appeal from the denial of their *habeas corpus* petitions following their convictions on drug distribution charges. These cases come before us on a Certificate of Appealability issued by the District Court on the sole issue of whether Appellants' attorneys were ineffective for failing to request a lesser-included jury instruction for simple possession of cocaine base ("crack") in addition to the charged offense of possession with the intent to distribute. We will affirm the District Court's judgment.[1]

I.

A.

After setting up undercover narcotics surveillance on a rooftop of a bar, Officer Charles Myers observed Andre Ware and Jerry Stevens engage in what he believed were two narcotics transactions. In these transactions the buyers paid Stevens for narcotics and retrieved them from Ware, who had them in a plastic bag in a nearby car. The police were unable to apprehend the buyers.

Eventually, Myers observed a vehicle approach Stevens and the driver spoke with him. Stevens subsequently yelled to Ware, "[i]t's hot. They're around the corner." App. at 271.[2] Ware and Stevens then began to walk away and the police went to arrest them. As the officers approached, Ware reached into his pocket and tossed the plastic bag on

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255 and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

[2] Appendix citations refer to the appendix submitted by Jerry Stevens.

the sidewalk.  The arresting officers recovered $42 in varying denominations from Stevens and $10 from Ware.  The discarded plastic bag contained eight separately packed baggies of crack, totaling approximately 1.17 grams.

B.

Ware and Stevens were indicted on charges including one count of conspiracy to possess with the intent to distribute crack, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C); one count of possession of crack with the intent to distribute and aiding and abetting the possession with intent to distribute, respectively, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; and one count of possession of crack with the intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. § 860 and 18 U.S.C. § 2.

Appellants were tried together before a jury and did not call any witnesses. During opening and closing arguments, Ware's counsel suggested that the quantity of drugs seized was small and could have been for "personal use."  App. at 239; 438.  He also questioned Myers' credibility by referencing "mythical" and "phantom" buyers.  *Id.* Stevens' counsel added that the denominations of cash seized from Stevens were not indicative of narcotics sales.  Appellants' attorneys also attacked Myers' credibility during cross-examination.  The jury convicted Appellants on all of the drug-related counts.

C.

Appellants filed *habeas corpus* petitions alleging ineffective assistance of counsel which are before us.  At oral argument, Appellants' trial attorneys were questioned about

3

their failure to request a simple possession instruction, and both testified that their defense was that the Appellants had not possessed the drugs. Ware's counsel testified that it would not make strategic sense to request an instruction on personal use because the defense theory of the case was that Ware did not possess the drugs. Ware's counsel also testified that his comments about the quantity being "personal use" were aimed at obtaining an outright acquittal, because a lesser-included charge of simple possession was not charged, and therefore if Ware or Stevens were not in possession of drugs with the intent to distribute them, they should have not been convicted. According to Ware's counsel, the defense strategy centered on challenging Myers' credibility to undermine Myers' testimony that there were narcotics purchasers and that Ware and Stevens possessed the drugs.

Stevens' counsel's testimony was similar. He testified that this case concerned the sufficiency of the evidence and the credibility of the police. On direct examination, Stevens' counsel testified that "in order to get a lesser-included you have to concede possession." App. at 901–02. However, on cross-examination, Stevens' counsel clarified that he meant it did not make strategic sense to request an instruction on simple possession because it did not follow the defense narrative.

The District Court denied Ware's and Stevens' *habeas* petitions, but issued a Certificate of Appealability on the sole issue of "[w]hether counsel for the petitioners were ineffective in failing to request a lesser-included offense instruction for possession of cocaine base ('crack') or conspiracy to possess cocaine base ('crack')." App. at 30.

II.

In order to prove that counsel was ineffective under the Sixth Amendment, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). A petitioner is also required to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence'" and therefore "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 689–90). Moreover, the reasonableness of an attorney's strategic decision made "'after thorough investigation of the law and facts'" is "essentially irrebuttable." *Marshall v. Cathel*, 428 F.3d 452, 462–63 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690).

Appellants cite *Breakiron v. Horn*, 642 F.3d 126 (3d Cir. 2011) for the proposition that their attorneys' decision to argue personal use without requesting a lesser-included jury instruction on simple possession was professionally unreasonable under *Strickland* and that the resulting prejudice rendered them ineffective. In *Breakiron*, the defendant was convicted of robbery after his counsel argued that he was guilty of theft, not robbery, but did not request a lesser-included jury instruction. *Breakiron*, 642 F.3d at 130. At a

5

post-conviction relief evidentiary hearing, Breakiron's counsel stated that he never considered asking for a lesser-included jury instruction. *Id.* at 138.

We found that Breakiron's counsel's failure to request a lesser-included jury instruction was clearly not a strategy decision protected under *Strickland* because he did not even consider it. *Id.* Furthermore, failure to request the jury instruction was objectively unreasonable as "[c]ounsel's sole theory of defense to the robbery charge was that Breakiron had committed a theft but not a robbery." *Id.* We reasoned that in an "all-or-nothing" situation like this, where the defendant is clearly guilty of an uncharged crime, the jury is likely to convict on the charged offense, even if all of the elements of the charged crime were not proven. *Id.* (quoting *Beck v. Alabama*, 447 U.S. 625, 634 (1980)). The Supreme Court noted in *Beck* that "if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal" but that a lesser-included instruction is appropriate because of "the substantial risk that the jury's practice will diverge from theory." *Beck*, 447 U.S. at 634 (quoting *Keeble v. United States*, 412 U.S. 205, 208 (1973)).

However, Appellants' reliance on *Breakiron* and *Beck* is misplaced, as their cases are substantially different. In *Breakiron*, counsel's only defense was that the defendant had committed a less serious crime than he was charged with. Here, Appellants' counsel focused primarily on attacking Myers' credibility in an attempt to prove that the Appellants had not even possessed the drugs, and thus committed no crime. The mention of the quantity of drugs being consistent with personal use was not the theory of the case,

6

but was simply an alternative offered for the jury to return an outright acquittal.  Unlike in *Breakiron*, Appellants' counsel testified at an evidentiary hearing that requesting a lesser-included jury instruction would have been contrary to the defense narrative.

Accordingly, as Appellants' attorneys had a strategic reason for not requesting a lesser-included jury instruction it cannot be said that their performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88; *see also Marshall*, 428 F.3d at 462–63.  Although the strategy was unsuccessful, it was not unreasonable.

As we find that the performance of Appellants' counsel was not below an objective standard of reasonableness, we need not address the issue of prejudice.

III.

For the reasons set forth, we will affirm the District Court's denial of the Appellants' *habeas corpus* petitions.